May it please the Court. My name is Mark Kennedy, and I represent the appellant in this case. This case is about the proper calculation of Medicare payments for a psychiatric hospital. In this case, the appellant claims entitlement to incentive payments of $164,000 for having kept its costs below the Medicare cost ceiling. The Board concluded that the claim did not meet the $10,000 amount in controversy and dismissed the case for lack of jurisdiction. The trial court affirmed the PRRB's decision and also ruled that it lacked jurisdiction to hear certain statutory and constitutional contentions supporting the appellant's claim for the incentive payments. At issue is jurisdiction to hear the appellant's claim for incentive payments. Beacon is a geriatric psychiatric hospital with higher costs due to patient acuity than ordinary psychiatric hospitals whose patients reflect a mix of the general population. Although it had kept its operating costs below the cost ceiling, appellants sought to raise the limit of its uniquely higher than ordinary costs, thus qualifying for the incentive payments. The statute mandates that the ceiling be adjusted where there are certain events or extraordinary circumstances beyond the control of the provider that result in higher than ordinary costs. Because time is limited, we want to address two points. First, the PRRB wrongly denied jurisdiction when it incorrectly determined the amount in controversy and second, the trial court improperly concluded it lacked jurisdiction over and dismissed Beacon's statutory and constitutional claims raised on the authority of Illinois Council. With respect to the first issue, the PRRB had jurisdiction to hear Beacon's claims for the incentive payments. Jurisdiction is determined under 42 U.S.C. 139500A. It provides two bases for jurisdiction. First, dissatisfaction with the amount of reimbursement under section 139500A1A1i and second, it provides jurisdiction for dissatisfaction with the calculation of incentive payments under 139500A1A2i. The PRRB wrongly concluded that the jurisdictional limit was not met because appellant's claim was based upon a calculation for the incentive payments, not upon reimbursement. Clearly, 139500A1A2i specifically provides that incentive payments calculated under the statute are a basis for jurisdiction. You did get an incentive payment here. I'm sorry. Did you get a reward for having come in under cost? Yes, Your Honor. The provider was paid an incentive for maintaining operating costs under the cost ceiling. At issue is an adjustment to that ceiling because of patient acuity that would raise the ceiling consistent with the statute, which provides that where there is a certain patient mix and circumstances beyond the control of the provider, the provider is entitled to adjust its cost ceiling. And that's what asserting that there are circumstances beyond the control of the provider here, are you? Yes, sir. You are. Yes, sir. And the statute specifically contemplates patient mix as being a situation that qualifies under the statute for an adjustment to the cost ceiling. Thank you. Next, and perhaps most critically, the PRRB wrongly applied the regulation at 42 CFR 405.1839 in the test for determining the amount in controversy. Under the regulation, the amount in controversy is demonstrated by a showing of how much the provider would win if it's successful on its appeal. Rather than assuming how much the provider would have won had it prevailed, the PRRB demonstrated how much if it lost the appeal. Clearly, the $164,000 incentive payment exceeds the $10,000 jurisdictional limit, and therefore the provider meets the amount in controversy requirement. Is this more complicated or less complicated than simply saying we deserve or want $164,000 and here's our reasoning for it, and that having said so, that satisfies the $10,000 or above? That satisfies the test under the regulation, yes, Your Honor, because that places the amount in controversy. And, again, that's based upon if the provider were to prevail on its administrative appeal, then the amount is determined. Again, the PRRB applied a test that looked at how much would be at issue if the provider lost it. I understand what they did. Thank you. Why don't you, you may want to, because your time is going by, discuss the merits. Turning to the second point, the trial court erred in denying jurisdiction over Beacon's statutory and constitutional claims. The provider in this case exhausted its administrative remedies, and therefore it was entitled to raise these specific constitutional and statutory claims under the authority of Illinois Council. Illinois Council held that a provider must exhaust administrative remedies before seeking judicial review. The appellate did so here. The Supreme Court instructed that after a provider channels its claim through the administrative process, it may raise, and I quote, any statutory or constitutional contention that the agency does not or cannot decide, including where necessary, the authority to develop an evidentiary record. That's at 529 U.S.C. at page 13. Clearly, the government confuses the administrative exhaustion requirement in jurisdictional bar with the relief that's available after an exhaustion of administrative remedies. In fact, the authorities cited specifically state in the appellate's brief that 405G and H are sweeping and direct preclusion of jurisdiction in the absence of administrative exhaustion. Clearly, that's not the case here, and those line of cases are inapplicable to support the government's position. In conclusion, we request that the matter be reversed and remanded to the trial court for a trial de novo. I'll reserve my remaining time for rebuttal. Hold on. Why are you entitled to a trial de novo? The Supreme Court in Illinois Council specifically states that with respect to the contentions that can be asserted after exhaustion that the court can develop, where necessary, an evidentiary record to hear those claims that the agency could not hear. The claims that we're discussing are the constant. But that would only be if you can see that the agency didn't have jurisdiction. Your question is, would we be able to raise these if the agency had jurisdiction? Well, the agency would be. Why does it matter in this case? Because as I read what the agency did, they decided the merits anyway, because they decided the merits and then said, well, you're not going to win, so your damages are zero, so you don't satisfy the $10,000 amount of controversy. Well, I wouldn't agree with the premise that the agency decided the merits of the case, because the agency concluded that the matter did not meet the amount in controversy requirement and, therefore, it did not have jurisdiction. The merits of the case could not properly be addressed. The reason it concluded that you couldn't satisfy the amount in controversy is because you were barred from recovering the amount that you sought. That is reflective of the fact that the agency applied the wrong test for determining the amount in controversy. They should have applied an assumption that the provider would have prevailed to determine the specific amount in controversy. What they did was they not only said, how much would you get if you lost? That would be they also said, you're going to lose this, and you're going to lose it as a matter of law. We cannot give you the relief that you want, and, therefore, you're going to recover zero. Since you're going to recover zero, you can't satisfy the amount in controversy. Well, if the PRB is correct, then the statutory and constitutional conditions brought under Illinois counsel are certainly relevant to these proceedings because at this particular point in time, those issues would be properly before the trial court, which found that it did not have jurisdiction to hear. In part because it agreed with the PRB's decision that your client can't recover the amounts that you seek. With respect to that determination at both the PRB level and the trial court, the provider was not provided an opportunity to present a case at all. At every juncture, it's been denied any opportunity to present a case, evidence, or to challenge the regulation upon which that determination is based. Well, we have a right to challenge the particular regulation as being consistent with the statute at issue, and the statute at issue provides a mandate that the Secretary shall allow an adjustment where costs are. But that's a legal question that was briefed in the district court, was it not, and decided adversely to your position. No, not on the merits, Your Honor. Early on, the court concluded it did not have jurisdiction. I understand that. But then did it not go on and address the issue of the merits as a matter of law of your claim, of that statutory adjustment? Again, we would allege that the trial court could not properly dismiss claims. I'm just asking what your view of what the district court did. Did the district court reach the substantive merits, notwithstanding its acceptance of the jurisdictional? The district court stated that it did, but we believe that it did not properly do so. And what would have been different if it had done it properly? Let's assume it agreed that you met the $10,000 and all of that, therefore it reached the merits of your substantive claim. The provider would have had the opportunity to challenge the regulation upon which the Secretary relies. And you didn't do that? We didn't have the opportunity to do so because, again, the PRRB determined that it did not have jurisdiction and ended the case by dismissing it. So we did not have any opportunity to challenge that particular regulation. And we should have had an opportunity to do so under the PRRB's procedure for expedited judicial review. But the case was simply ended early on based upon an improper application of the amount in controversy test. And, again, the test should have been applied in a way that assumed that the amount in dispute. I understand your argument. I'm just trying to understand procedurally now. I had the impression that both the PRRB and the district court looked through to the merits of your underlying claim. Now, the PRRB may have done it improperly in the sense that it used that look-through ruling to then conclude that the $10,000 wasn't met. But it nonetheless, had it decided it had jurisdiction, what would have happened differently as far as the briefing and all the legal aspects, not factual, but the legal aspects would have been different in the PRRB or in the district court? At the PRRB level, the provider would have sought expedited judicial review to challenge the regulation. I'm not understanding. You know, if the district, if the adjudicator gets all the legal argument, okay, gets everything that you would put in on the substantive claim, but then says, well, I don't really have jurisdiction to decide that because I think if I decided, now this is maybe a wrong premise on the part, but nonetheless, that's the way they work. Say, we're going to look at the substance of your claim and decide as a matter of law whether you have, it's like a motion to dismiss. Have you made, stated a cause of action? And I can say as a matter of law, no, because no factual issues here. You haven't stated a claim because as a matter of law, you can't prevail because you're just, your interpretation of the regulation is wrong. I reject that as a matter of law. Then you have had a chance to have made your argument and it has been decided by the courts, the agency and then the district court. Did that not happen here? We don't believe that it did, Your Honor. Did you argue all of the things that you've argued to us on the merits of the regulation and how it should be interpreted? Yes, we did, Your Honor. We argued that the regulation, although the court nor the PRRB reached the issue, we argued that the regulation was inconsistent with the statute. Did the either agency, either decision maker in the chain coming before us, reach the merits of your inconsistency argument? The PRRB did not. The trial court did provide some instruction on that issue. Yes, okay. All right. Thank you. Your Honor, Russell Chittenden on behalf of the Secretary of HHS. First of all, the court is correct. There is a substantial analysis under Chevron by the district court of this regulation vis-à-vis the statute, and that occurs in the supplemental excerpts of record or the excerpts of record in this case at page 10 and 11. The court takes at face value all of the appellant's claims, including its statutory claim, decides it in full. Did the PRRB decide those same matters? The PRRB did not, Your Honor, but even according to the appellant's logic, it would not have been enabled to do so, and therefore that claim would have been reserved for the district court, which is exactly what happened here. That's what Illinois Council says, which the appellant has quoted. So what happened here is exactly what should have happened. The PRRB decided what it could decide, i.e., it had to take the regulation at face value, and I think the maxim applies here that a court has jurisdiction to decide its own jurisdiction. So the court then looked at the presentation the appellant made, said by their own numbers, they don't qualify under this regulation for a TEFRA adjustment. If they don't qualify under the regulation for a TEFRA adjustment, the question of any increased incentive payments is gone because even the appellant does not make a claim that under its TEFRA ceiling without adjustment that the incentive it got was incorrectly calculated. That's not their claim. They concede that if their TEFRA ceiling is correct, they got the right incentive. So any incentive, claim for additional incentive, would depend on that TEFRA amount increasing, therefore increasing the gap between their costs and the TEFRA ceiling, resulting in an increased incentive amount. I'm looking at the PRRB's decision. Let's see, I don't have a page number on that, except I do have a BER number, which is pages 52 and 53, which is the last two pages of the PRRB's decision. Now, this is admittedly quite terse, but as I read that, the reason that they claim that there's no amount in controversy is that the calculation is based on, is the provider's calculation is based on adjustment of its TEFRA ceiling, not how much additional reimbursement will be due to the provider, and in the next paragraph, provider's TEFRA ceiling is not subject to adjustment. So there's no, the controversy calculation is inaccurate, no Medicare reimbursement at issue. I see that as a decision on the merits, however, albeit it's extremely terse. It is a decision on the merits for all practical purposes, and again, it goes back to the old maxim, a court has a jurisdiction to decide its jurisdiction. It went to the merits to decide that it lacked a jurisdiction due to the mountain controversy rule. But in any event. Why did it do that? It did that, I think, well, I would say judicial economy, number one, but I think it has the innate ability to do that, and as a practical matter. That's not the way that we ordinarily do things in district court. We don't, that's not the way that we ordinarily decide our jurisdiction when we have an amount in controversy requirement. We usually look at what's been pled, and then we go ahead and decide the merits after determining that we do have jurisdiction. So here they sort of, as Judge Fischer put it, I think very aptly, the PRB sort of looked through the pleading and said, well, you can't recover that, and therefore you don't, you can't recover anything, and therefore you can't satisfy the amount in controversy. Your Honor, that's correct. But that resulted in a final decision which was then appealable to the district court and opened up certain challenges, including the statutory, the statute slash regulation challenge in this case, which was fully heard by the district court. So any way you slice it, that question was reached. Are you defending the jurisdictional determination or not? Being that the district court had jurisdiction to decide the Chevron issue? The PRB erred in finding that it didn't, that there wasn't $10,000. I find nothing indefensible, if that's a proper way to put it, about that. They correctly determined that, and they looked to the merits to do it at the threshold, at the threshold based upon, based upon. Now, there's been some confusion about jurisdiction of the district court under the Illinois Council case. The district court in this case did dismiss some of Plaintiff's claims at the threshold after briefing, but the claims that it dismissed were claims like conversion, things like that, not the statutory Chevron claim. That was fully decided by the court. If you look at the complaint in this case, it included all kind of common count claims for conversion and so forth, and the district court correctly said, under all of the relevant authority, if a case arises from the Medicare Act, you are limited to a record review claim. You can't go for conversion. You can't go for these other claims. So you did exhaust, and there is jurisdiction, and there is even a jurisdiction for more than what the PRRB would have had jurisdiction in this case for that statutory claim that the regulation violates a statute, which was fully and properly considered by the district court, we think, correctly. And if you would like me to get into the merits of that decision, I can do that as well, that the regulation which says you're not entitled to a TEFRA adjustment if your cost didn't exceed the TEFRA ceiling. In other words, unless some of your costs were denied because of the TEFRA ceiling, you're not entitled to an adjustment of the TEFRA ceiling. That regulation is almost superfluous, I would add, because the statute itself contains all the concepts you would need to reach that determination. So it certainly is not contradicted by the statute, which would be the test under Chevron 1. Counsel, if we thought that the PRRB had perhaps pulled the trigger a little quickly on the jurisdictional, do we have any ability to be able to review that? Do we apply Chevron principles to the PRRB's determination of its own jurisdiction? Your Honor, I think the PRRB would not. You know, Chevron is probably not an applicable concept when it comes to the PRRB because the PRRB typically does not engage in an analysis of a claim that a regulation violates a statute. What it does is it takes the regulation, applies it, which it did not. Do we owe any duty of deference to the PRRB when the PRRB is sitting in judgment of its own jurisdiction? I believe so, Your Honor, because the final decision is fully appealable to the district court. We contend that the final decision is correct no matter how you want to get there. In fact, think of it this way. What if the PRRB, what if this was remanded by the PRRB, which is all that could ever happen? The PRRB would then have to change the law of the case, which it reached jurisdictionally, to get to the merits. In other words, when it got to the merits, it would have to say, well, we've already decided that if your costs don't exceed your TEFRA ceiling, you're not entitled to a TEFRA adjustment, and if you're not entitled to a TEFRA adjustment, you can't get an added incentive. That's the law of this case. So whether it's reached as a jurisdictional threshold matter or going to the merits, it's been decided, we would contend. A couple of things, Your Honor. In response to the court's question about whether this would, all other things aside, be a case in which there might be an adjustment, counsel pointed to a case mix, a unique case mix or something like that. And he pointed to the statute 1395WWB4A1. But what that statute really says is changes in the case mix, changes in the patient population. There's no evidence that such a change occurred. Apparently, this particular type of patient population has been in existence throughout the history of this hospital. At least that's all we're entitled to conclude from the state of the record. So that's always been the case. It's not an extraordinary change that would justify a TEFRA adjustment in any event. And that's assuming, of course, that the rule didn't exist that no TEFRA adjustment would be available here in any event because they didn't exceed their costs. So that point I would like to clarify. Could I ask you to go back to the counsel's argument that you touched on about the array of claims that you mentioned? As I understand it, the district court said it did not have jurisdiction over the claims like conversion, due process, unlawful taking, power and immunity because those had not been presented to and considered by the PRRB. Is that right? Well, no, Your Honor. There are different levels of claims that are precluded or allowed. In the case of conversion, due process, those claims are never allowed in any forum if, in essence, they are a claim for Medicare benefits. In other words, if you're challenging the amount of money as a provider that you got, there's one way to do that. You have to do it as a claim for insufficient remuneration under the Medicare Act. You can't say it's a due process claim. You can't say any of these other things ever in any forum. It's preclusive. So they can't characterize the PRRB, the effect of the PRRB decision, assuming on the merits that it made, as a denial of due process or taking? No. And there are plenty of cases, and if the court wishes, I can cite a Ninth Circuit case. I think it's the Bushman case that says. It has to be channeled. Any of these Medicare-type claims have to be channeled through the PRRB as a proper Medicare statutory claim. That's correct. The only exception to that, and I don't think it's even argued in this case, but I would point it out. If a claim is truly collateral, collateral to the claim for reimbursement under the Medicare Act, there is a jurisdiction which not only does not require exhaustion, but then is, you know, jurisdiction, a broad-ranging jurisdiction, not a record review. But that's not the case here. These claims all are intertwined with and arise with a claim for Medicare, a garden variety claim for Medicare reimbursement by the provider. Okay. Counsel, if we thought that the PRRB was wrong on its jurisdictional judgment, what should we do? Your Honor, I think it would be the bottom line is that the PRRB renders a final decision, and that final decision. And it is a final decision on the merits, not just simply on the jurisdiction. Well, it could be a jurisdictional decision by the PRRB is appealable. It's a final decision. It can be appealed to district court, which is what happened here. Your Honor, I'm asking you, if we thought the PRRB were wrong on its jurisdictional decision, what do we do? Your Honor, I think. Did the PRRB decide the merits so that we can nevertheless affirm the PRRB? I don't think there's any question, but what the PRRB decided the merits, stated the reason for its decision, pointed out the applicable regulation, cited to the evidence in the case which led to that decision, did what it would have done in any event, but simply as an added, if you want to look at it that way, as an added basis said, because of all this, we never had jurisdiction in the first place. And I think that was prudent for them to say. You said the PRRB wouldn't, it would just take the statute as a given and the regulation as a given. That would be my understanding. Okay. And the seventh substance of their decision is that ER 52, 53 that Judge Bidey wrote. So coming back to the Chevron analysis, do we give that decision Chevron deference since they're not analyzing? I think the only thing. The regulation is against the statute? Well, I don't think you need to because I think, you know, as counsel pointed out, what could have happened here possibly would have been an expedited review of that particular question, meaning the PRRB would decline review, pass it on to the district court. That happened in any event. So what we should be reviewing then is whether the district court's analysis. Yes, Your Honor. So there's no Chevron? No. It's just a question of whether we agree de novo, whether or not it's a reasonable argument. That's right, because that claim could be raised in the first instance in district court if it was exhausted, which it was, and it was properly raised by the appellant. It was properly, we think, decided by the court. And, again, I'd be happy to go into the merits more than I have, but I think it's a pretty easy argument under Chevron.  Okay. Thank you, Your Honor. Two very brief points. One, the PRRB did not exercise jurisdiction. Had it exercised jurisdiction, the provider would have had an opportunity to seek expedited judicial review of its claims to the trial court. It did not have that opportunity. How did the district court get the legal information to issue its ruling about the merits of the determination that you were not entitled to the adjustment? That was based upon the PRRB's determination that it lacked jurisdiction, which was appealed and judicial review was sought. And because it was sought, the statutory and constitutional issues were raised at that time, which is proper under Illinois counsel. However, the trial court dismissed every claim of the appellant except for the judicial review of the PRRB decision. In other words, the provider had no opportunity to raise its constitutional or statutory issues, either through the PRRB's administrative process or when it got to the federal court. In both instances, it was thwarted. I see. Okay. Thank you, Your Honor. All right. The case argued is submitted. And we will stand on adjournment.
judges: Shea, Fisher, Bybee